# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 732
SMITH et v. WHITE et
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5476.   Decided April 13, 1925

480.   EVIDENCE—Circumstantial evidence is as competent as positive or direct evidence in all classes of cases.

683.   JURY—Affidavits [of jurors not regarded for purpose of setting aside verdict until such misconduct is shown from another source.

465.   ERROR—In absence of request for court to supply omission in charge, prejudicial error cannot exist in that respect.

SULLIVAN, J.

M. Anna White et al brought an action in the Cuyahoga Common Pleas to contest the will of Ella Greenwood, charging undue influence and lack of testamentary capacity on part of the testatrix.  The will was set aside and the proponents, Oscar and Eva Smith, prosecuted error asking to have the judgment set aside on the grounds that the court erred in overruling a motion for a new trial; that there was misconduct on the part of jurors; that there was error in the charge of the court; and that the judgment was clearly and manifestly against the weight of the evidence.

Error was also charged in that, according to certain affidavits attached to the Bill of Exceptions, signed and sworn to by certain jurors in the case, during their deliberations one of the reasons which led to the verdict appeared to be that, in the will itself, the usual clause, "being of sound mind and memory," was not included in the will.

The Court of Appeals held:

1.   The question of testamentary capacity was submitted to the jury, there being credible evidence that the testatrix lacked that testamentary capaciy sufficient in law to make the will valid, and they returned a verdict that the document was not the last will and testament of the decedent.

2.   Reviewing court should not reverse a judgment because verdict is against weight of the evidence, unless it is so clearly unsupported as to indicate misapprehension, mistake, or bias on part of the jury or a wilful disregard of duty.

3.   Affidavits of jurors will not be regarded for the purpose of setting aside the verdict until misconduct of jury is shown aliunde. Kent v. State, 42 OS. 426.

4.   There was no prejudicial error committed in the charges of the court, because complaint of counsel with one exception is based on what would be called an omission instead of a commission of the court, and in absence of request for the court to supply said omissions there can be no foundation for prejudicial error in that respect.

5.   It was contended that circumstantial evidence is not sufficient to support the charge of undue influence.  Circumstantial evidence in all classes of cases is just as competent as positive evidence, and the jury has the right to rely upon it as on direct evidence.  Judgment of lower court in setting aside the will is affirmed.

Judgment affirmed.

Attorneys—Ellis R. Diehm and John H. Hogg for Smith; Bulkley, Hauxhurst, Jamison & Sharp for White; all of Cleveland.